IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| LAURA EDWARDS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 11-CV-017-CVE-TLW |
| SOUTHCREST. L.L.C., | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Defendant Southcrest, L.L.C.'s ("Southcrest") Unopposed Application to Permit its Representative to Appear at Settlement Conference Via Telephone. [Dkt. No. 28]. The Settlement Conference at issue is scheduled for Oct. 18, 2011, before an Adjunct Settlement Judge.

Southcrest states that Sherill Peters ("Peters"), "the individual with settlement authority in this case", is "unable to travel from Franklin, TN, to attend the October Settlement Conference. [Dkt No. 28 at 1]. Subsequent to the filing of the Unopposed Application, Defendant informed the Court that "Due to the litigation schedules of several other cases involving CHS's [Community Health Systems] affiliate's hospitals, travel to Tulsa, Oklahoma from Franklin, Tennessee will be very difficult for Ms. Peters around October 18, 2011."

The Court has considered Defendant's request and **DENIES** the Application.

1

It is fundamental to the mediation process that parties with settlement authority meet face-to-face to attempt to resolve their dispute. Experience has established that settlement conferences are more often successful when the parties physically meet and deal with each other. Thus, the Court's Settlement Conference Order requires the attendance of all parties and counsel, noting that having a client with settlement authority available by telephone "is generally not an acceptable alternative." [Dkt. No. 19, ¶I(B)].

In extraordinary circumstances, the Court has granted relief from this requirement of physical attendance at the settlement conference; however, there is nothing about Defendant's Application that suggests this is an extraordinary case. The Settlement Conference is still 5½ months away. Perhaps Peters' litigation schedule will ease by then. If that clearly will not happen, rescheduling the conference for a more appropriate date would be an obvious alternative.

For these reasons, the Defendant's Unopposed Application is **DENIED.**

**IT IS SO ORDERED** this 3rd day of May 2011.

_____
Paul J. Cleary
United States Magistrate Judge