UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAURA EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-0017-CVE-TLW |
| | ) |
| SOUTHCREST, L.L.C., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Reconsider Motion for Summary Judgment (Dkt. # 70). Defendant SouthCrest, L.L.C. (SouthCrest) argues that the Court erred when it denied SouthCrest's motion for summary judgment (Dkt. ## 54, 55), because it misapprehended material facts concerning the sequence of events leading to plaintiff's termination. Plaintiff responds that defendant is making new arguments that were not raised in its motion for summary judgment, and that the Court should not reconsider its prior opinion and order (Dkt. # 65).

On December 17, 2010, plaintiff filed this case alleging that SouthCrest discriminated against her for taking leave under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. (FMLA). Plaintiff was formerly employed by SouthCrest as a radiology technician, but her employment was terminated after she received numerous disciplinary warnings for failing to clock out before leaving SouthCrest's campus. SouthCrest filed a motion for summary judgment, arguing that plaintiff had not provided pre-termination notice of intent to request FMLA leave, and that plaintiff could not prevail on an FMLA claim under an interference or retaliation theory. SouthCrest also argued that it had a legitimate, non-discriminatory reason for terminating plaintiff's employment, and that plaintiff had no evidence casting doubt on the validity of defendant's stated

reason. Dkt. # 55, at 22-24, 25-27. In particular, defendant argued that plaintiff's supervisor, Stacy Kirk, was unaware that plaintiff might be requesting FMLA leave before Kirk requested authorization to terminate plaintiff's employment on December 15, 2008 at 12:13 p.m. Id. at 25.

The timeline of events leading up to plaintiff's termination was critical to defendant's motion for summary judgment. There is no dispute that plaintiff received numerous disciplinary warnings for failing to comply with SouthCrest's clock-in/clock-out policy, although the Court notes that plaintiff disputes whether each of the disciplinary warnings was justified. On December 5, 2008, plaintiff received a written warning and she was advised that "any future violations involving shift coverage or clocking infractions will result in immediate termination from your position at SouthCrest Hospital." Dkt. # 55-3, at 6. On December 11, 2008, plaintiff left the SouthCrest campus without clocking out and SouthCrest drafted a disciplinary action notice on December 12, 2008.[1] Id. at 7. Plaintiff was not notified of the disciplinary action notice and she reported to work on December 15, 2008. Plaintiff visited the employee health nurse after working for about two hours, and she obtained the necessary paperwork to request FMLA leave. Plaintiff claims that she told a lead technician, Bobbie Reed, and Kirk that she was leaving to see her rheumatologist to have her FMLA paperwork completed. Dkt. # 55-1, at 36-37. At 12:13 p.m. on December 15, 2008, Kirk requested approval from the human resources department to terminate plaintiff's employment, and plaintiff claims that Kirk was already on notice that plaintiff would be seeking FMLA leave. Kirk

---

[1] Although plaintiff disputes that the notice was drafted on December 12, 2008, the notice states that it was prepared on December 12, 2008 and plaintiff's mere disagreement with the evidence does not give rise to a genuine dispute as to a material fact. Plaintiff is advised that she must have evidence supporting her contention that the notice was not prepared on December 12, 2008, if she intends to dispute this issue at trial.

received approval to terminate plaintiff's employment on December 16, 2008, and plaintiff's employment was terminated on that date.

The Court found that there was a genuine dispute as to whether defendant had pre-termination notice that plaintiff would be seeking FMLA leave. The Court noted the extremely close temporal proximity between plaintiff's alleged request for FMLA leave and her termination, and stated that it was a "close call" whether plaintiff's termination was related to her alleged request for FMLA leave. Dkt. # 65, at 9. However, viewing the evidence in a light most favorable to plaintiff, the Court found sufficient evidence to support a causal connection between plaintiff's alleged notice of intent to seek FMLA leave and her termination, and defendant's motion for summary judgment was denied. Defendant asks the Court to reconsider its decision and argues that the Court misapprehended certain facts. Defendant argues that it is undisputed that Kirk did not have approval to terminate plaintiff's employment until December 16, 2008, and that plaintiff could not have been advised of her pending termination before she allegedly requested FMLA leave. Dkt. # 70, at 3. Defendant also argues that there is no evidence other than the temporal proximity between plaintiff's alleged notice of FMLA leave and her termination to support a causal connection between the two events. Id. at 4-5.

The Court treats defendant's motion to reconsider under Fed. R. Civ. P. 54(b), as the underlying opinion and order is not a final order or judgment. See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003). As noted by defendant, the Court may call into play the legal standards applicable to a Fed. R. Civ. P. 59(e) motion to alter or amend judgment when ruling on a motion to reconsider an order that is not final for the purpose of appeal. See, e.g., Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d

147, 167 (2d Cir. 2003). A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). The Court will exercise its discretion to review defendant's motion under the standards applicable to Rule 59(e) motions. A district court does not abuse its discretion if it refuses to reconsider arguments that have already been considered and rejected. See Servants of the Paracletes, 204 F.3d at 1009; Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)).

     The Court has reviewed defendant's arguments and finds no basis to reconsider its prior opinion and order. The evidence submitted by defendant with its motion for summary judgment did not clearly establish that defendant was proceeding with plaintiff's termination before 12:13 p.m. on December 15, 2008, and plaintiff's deposition testimony supports an inference the she gave defendant notice on the morning of December 15, 2008 that she would be seeking FMLA leave. Defendant even states in its motion to reconsider that "[a]s of December 15, 2008, it was possible that CHS could have denied the termination request" and, thus, the Court cannot disregard the temporal proximity between plaintiff's alleged request for FMLA leave and her termination. Dkt. # 70, at 3. As the Court noted in its prior opinion and order, it is possible that plaintiff would have

been terminated regardless of her request for FMLA leave, but plaintiff has produced sufficient evidence from which a reasonable factfinder could find in her favor. Dkt. # 65, at 9, 12. For example, plaintiff has produced evidence suggesting that SouthCrest did not discipline other employees for the violation noted in the December 12, 2008 disciplinary action notice. Dkt. # 63-1, at 8. At the summary judgment stage, the Court must view the evidence in a light most favorable to the non-moving party and must refrain from making credibility determinations as to witness testimony. To rule in defendant's favor, the Court would have to disregard plaintiff's deposition testimony that conflicts with defendant's version of the events, and this would effectively be a credibility determination about plaintiff's testimony. As the Court has noted, this is a "close case" and plaintiff will have the burden at trial to prove that many of the disputed facts should be resolved in her favor. However, the Court has reviewed defendant's motion to reconsider and the evidence in the summary judgment record, and there are genuine disputes as to material facts that preclude entry of summary judgment in defendant's favor.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider Motion for Summary Judgment (Dkt. # 70) is **denied**.

**DATED** this 16th day of May, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE